IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JULIETTE SANDRA MACK, | ) | CIVIL ACTION 4:12-cv-03168-DCN-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| CAROLYN W. COLVIN,[1] ACTING COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for Disability Insurance Benefits (DIB). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

## **PROCEDURAL HISTORY**

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Juliette Sandra Mack ("Plaintiff" or "Claimant") filed an application for DIB on September 18, 2009, alleging an onset date of July 5, 2008. Her applications were denied at all administrative levels, and upon reconsideration. Plaintiff filed a request for a hearing. A hearing was held on February 4, 2011, before an Administrative Law Judge ("ALJ") at which the Plaintiff appeared and testified. The ALJ issued an unfavorable decision on March 18, 2011, finding Plaintiff was not disabled. (Tr. 18-28). The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final decision. Plaintiff sought judicial review in this court by the filing of a complaint on November 2, 2012.

## FACTUAL BACKGROUND

The Plaintiff was born on November 4, 1970, and was forty (40) years old at the time of the hearing before the ALJ. (Tr. 58). Plaintiff has a high school education and past relevant work as a courier, sales, and senior retail sales. (Tr. 27, 60).

## DISABILITY BACKGROUND

The Plaintiff's arguments consist of the following, quoted verbatim:

(1) Substantial evidence does not support the ALJ's step two finding regarding Plaintiff's fibromyalgia; and

(2) The ALJ violated the Commissioner's Rules and Fourth Circuit precedent for assessing credibility including subjective evidence of pain; and

(3) The ALJ violated the Commissioner's Rules for assessing treating opinion evidence.

(Plaintiff's brief).

In the decision of March 18, 2011, the ALJ found the following:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

2. The claimant has not engaged in substantial gainful activity since July 5, 2008, the alleged onset date (20 CFR 404.1571 *et. seq*.).

3. The claimant has the following severe impairments: cervical and lumbar degenerative disc disease with chronic tingling in right arm, knee pain, and hypertension (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meet or medically equals one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). Specifically, the claimant can lift and carry up to 20 pounds occasionally and 10 pounds frequently and stand, walk, and sit for 6 hours each in an 8-hour work day. The claimant can occasional[ly] use the right lower extremity for pedal pushing and pulling, occasionally climb stairs, but no ladders, and frequently balance. The claimant can occasionally stoop, kneel, crouch, crawl, and use the right upper extremity for overhead reaching. However, the claimant should avoid hazardous heights and machinery.

6. The claimant is capable of performing past relevant work as a courier, sales, senior retail sales. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.(20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from July 5, 2008, through the date of this decision (20 CFR 404.1520(f)).

(Tr. 20-28).

The Commissioner argues that the ALJ's decision was based on substantial evidence and that the phrase "substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 390-401, (1971). Under the Social Security Act, 42 U.S.C. § 405 (g), the scope of review of the Commissioner's final decision is limited to: (1) whether the decision of the Commissioner is supported by substantial evidence and (2) whether the legal conclusions of the Commissioner are correct under controlling law. Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1988); Richardson v. Califano, 574 F.2d 802 (4th Cir. 1978). "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 390. Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The Court's scope of review is specific and narrow. It does not conduct a de novo review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the Court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405 (g) (1982); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20 C.F.R. §§ 404.1520, 1520a (1988). An ALJ must consider (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work and (5) whether the claimant's impairments prevent him from any substantial gainful employment.

4

Under 42 U.S.C. §§ 423 (d)(1)(A) and 423(d)(5) pursuant to the Regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." See 20 C.F.R. § 404.1505(a); Blalock, 483 F.2d at 775.

If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. § 404.1503(a). Hall v. Harris, 658 F.2d 260 (4th Cir. 1981). An ALJ's factual determinations must be upheld if supported by substantial evidence and proper legal standards were applied. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

A claimant is not disabled within the meaning of the Act if she can return to her past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. SSR 82-62. The claimant bears the burden of establishing her inability to work within the meaning of the Social Security Act. 42 U.S.C. § 423 (d)(5). She must make a prima facie showing of disability by showing she was unable to return to her past relevant work. Grant v. Schweiker, 699 F. 2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to her past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy that the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. Id. at 191.

**ARGUMENTS AND ANALYSIS**

Plaintiff asserts the ALJ erred in failing to find that her fibromyalgia constitutes a severe impairment. Specifically, Plaintiff argues that her representative at the hearing informed the ALJ that she had received a diagnosis of fibromyalgia from a rheumatologist and requested additional time to submit outstanding records from the rheumatologist, Dr. Barfield. (Tr. 53). Plaintiff avers that the ALJ agreed to leave the record open for the submission of these records. Plaintiff contends that her representative submitted said records to the hearing office on February 23, 2011, almost a month prior to the unfavorable decision. In the decision, the ALJ found that Plaintiff's alleged impairment of fibromyalgia was "not medically determinable" (tr.20) and there were no supporting treatment notes in the medical evidence of record to corroborate Dr. McMahon's December 2010 report indicating that the rheumatologist had in fact diagnosed her with fibromyalgia. Plaintiff argues that this constitutes harmful error because it contaminated the ALJ's findings with respect to her assessment regarding her credibility, the treating source opinion evidence, and the RFC.

Defendant argues in response that Plaintiff's representative requested ten (10) days to submit records from Plaintiff's rheumatologist, Dr. Barfield, to support her diagnosis of fibromyalgia. The ALJ stated that she would leave the record open for ten days to submit the additional records. Upon submission of the records, the ALJ stated "I would like for you to also submit with it a corresponding written brief addressing exactly what it is that supports your theory in those records and what you want me to look at as supporting evidence." (Tr. 82). Defendant argues that nineteen days later, Plaintiff submitted records from Dr. Barfield but did not include a written brief nor

explain the late submission. (Defendant's brief, p. 12 citing Tr. 468-78). Defendant argues that the ALJ issued her decision without the material in accordance with HALLEX[2] §I-2-7-20(A).

The ALJ's determination as to whether an impairment is severe or not is a threshold determination. See 20 C.F.R. § 404.1520(c). An impairment is not severe "only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir.1984) (internal citation and quotation omitted); see also Albright v. Comm'r of Soc. Sec. Admin., 174 F.3d 473, 474 n. 1 (4th Cir.1999); 20 C.F.R. § 404.1521(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). [3]

At step two in the evaluation, the ALJ found that Plaintiff has the severe impairments of cervical and lumbar degenerative disc disease with chronic tingling in right arm, knee pain, and hypertension. As to Plaintiff's fibromyalgia, the ALJ stated as follows:

> The claimant's alleged impairment of fibromyalgia was not medically determinable. The Social Security Act and its associated regulations require an individual to establish disability based on the existence of a medically determinable impairment that can be shown by medical evidence consisting of medical signs, symptoms, and laboratory findings. Disability may not be established on the basis of an individual's statement of symptoms alone. While the claimant testified that she had been diagnosed with fibromyalgia. The record fails to support this allegation. Specifically, although the claimant reported to her primary care physician, in December 2010, that she had been diagnosed by a rheumatologist, there were no supporting treatment notes in the medical evidence of record.

---

[2] SSA's Hearings, Appeals, and Litigation Law Manual (HALLEX).

[3] See also SSR 96-3p.

7

(Tr. 21).

As stated above, Defendant argues that because Plaintiff did not submit the proposed materials within the 10-day period during which the record was held open following the hearing, the ALJ issued her decision without the materials, in accordance with Social Security Administration policy citing to HALLEX §1-2-7-20(A)[4]. Defendant asserts that Plaintiff did not and could not show good cause for her failure to comply with the ALJ's instructions pursuant to HALLEX §1-2-7-20(A)(1)-(3). Defendant avers that the cover sheet and fax stamp on the records shows that Dr. Barfield's office forwarded the records to Plaintiff's representative on January 19, 2011, more than two weeks before the hearing. Defendant asserts that it is not clear why Plaintiff's representative did not have them in her possession at the time of the hearing, nor is it clear why she was unable to locate them within 10 days of the hearing. Additionally, Defendant argues that even if the ALJ had given Dr. Barfield's diagnosis the benefit of the doubt it would not have helped as neither Dr. Barfield nor any other physician opined that her fibromyalgia caused functional limitations beyond what the ALJ assessed.

In reply, the Plaintiff argues that it is true that HALLEX §I-2-7-20 states that an ALJ may issue a decision without considering additional material that is submitted late and no good cause is shown. However, Plaintiff also states that the same section states:

> In each of the above instances [where the ALJ makes a decision without considering the additional material], the ALJ should address in his/her decision the fact that an extension was granted, good cause was or was not found, and that the evidence despite such extensions was not received. This will document for the courts the efforts undertaken by the ALJ to fairly and fully develop the record. HALLEX I-2-7-20.

---

[4] HALLEX is available at http://www.ssa.gov/OPHome/hallex.

(Plaintiff's reply brief, p. 1).

Plaintiff asserts that the ALJ made no mention of the records she received from Dr. Barfield so that it is impossible to show why she did not consider them. Thus, Plaintiff asserts that this renders Defendant's remaining arguments with regard to Dr. Barfield's reports speculative and *post hac* rationalization.

Defendant has based most of the argument in regard to this issue on HALLEX §I-2-7-20 claiming the ALJ did not consider the evidence because it was not submitted within the ten days given by the ALJ. HALLEX §I-2-7-20 sets out the following requirements for posthearing evidence proposed by the Claimant:

> A. Claimant Requests Additional Time to Submit Evidence or Arguments after the Hearing
>
>> When a claimant or representative requests time to submit evidence or written arguments after the hearing, the ALJ must set a time limit for the posthearing actions to be completed and inform them that if the material is not received within the time limit, absent a showing of good cause to extend the time, the ALJ will issue a decision without the material. The HO staff should diary the case for the time set by the ALJ.
>> 1.  If the material or a showing of good cause is not received by that time, the ALJ will issue a decision without the material. Further contact with the claimant or representative is not necessary.
>>
>> 2.  If the material is not received by that time, but good cause is shown, set another time limit by which the evidence or arguments must be received and inform the claimant and the representative of the revised time. Also, remind the claimant and the representative that if the material is not received by that time, a decision will be issued without it.
>>
>> NOTE:     To access the letter to send when additional material is not timely received, access the Document Generation System (DGS), click on the

9

>    "Correspondence" icon, click on "Posthearing" and then click on "5E - Time to Submit Additional Evidence". The letter should be modified as needed to reflect that the letter is being addressed to the representative or to the claimant when the claimant is not represented.

> 3.   If the material is still not received and the claimant has not shown good cause for not submitting the material, the ALJ will issue a decision without the material. Further contact with the claimant or representative is not necessary. The ALJ will not grant any additional extensions unless there is good cause.

> NOTE:   In each of the above instances, the ALJ should address in his/her decision the fact that an extension was granted, good cause was or was not found, and that the evidence despite such extensions was not received. This will document for the courts the efforts undertaken by the ALJ to fairly and fully develop the record.

HALLEX §I-2-7-20.

Circuits are split as to whether HALLEX is binding on the Commissioner. The Fourth Circuit has not ruled on the issue. See Calhoun v. Astrue, C/A No. 7:08–619, 2010 WL 297823 (W.D.Va. Jan.15, 2010) (collecting cases regarding circuit split and noting Fourth Circuit has not ruled on issue). In Way v. Astrue, 789 F. Supp. 2d 652, 1:10–1134–RBH, 2011 WL 1597652 (D.S.C. Apr.27, 2011), the court found that it was appropriate to follow the Fifth Circuit's approach as set out in Newton v. Apfel, 209 F.3d 448 (5th Cir.2000). In Newton, the Fifth Circuit determined that, while HALLEX does not have the force of law, "an agency must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required." If prejudice results from a HALLEX violation, the result cannot stand. Newton, 209 F.3d at 459 (*quoting* Hall v. Schweiker, 660 F.2d 116, 119 (5th Cir. 1981). If the failure to follow it causes prejudice, there is

reversible error. Therefore, the court in Way acknowledged that HALLEX does not automatically have the force of law but found that the Commissioner's failure to follow HALLEX prejudiced the claimant in that action.

In this case, the ALJ did not consider or discuss Dr. Barfield's records confirming that Plaintiff had fibromyalgia. If the ALJ did not consider the evidence and failed to abide by HALLEX I-2-7-20, the court looks to see if it prejudiced the Plaintiff. First, at the time of the hearing, the ALJ stated that she would hold the record open for ten days to allow Plaintiff to submit additional records for her consideration before making her decision. She also requested a written brief along with the records. However, the ALJ did not "inform them that if the material is not received within the time limit, absent a showing of good cause to extend the time, the ALJ will issue a decision without the material" as set out in HALLEX §I-2-7-20. In the decision as a result of not addressing the records received after the ten days, the ALJ found that even though Plaintiff testified that she had been diagnosed with fibromyalgia and her family physician stated so in his records, there was no medical evidence to support said diagnoses. In the decision, the ALJ found that there were no supporting treatment records in the medical evidence of record to support a finding that fibromyalgia was a medically determinable impairment. However, if the ALJ had considered Dr. Barfield's records, albeit submitted late, this statement by the ALJ would be incorrect. Because the ALJ found that there was no medical record to support Plaintiff's testimony that she had been diagnosed with fibromyalgia, the ALJ did not discuss any symptoms or allegations of impairment associated with this disease. Defendant asserts that it is harmless because Dr. Barfield's "unsupported diagnosis" would not have aided Plaintiff's claim since Dr. Barfield nor any other physician opined that her fibromyalgia caused functional limitations beyond what the ALJ assessed. However, the RFC

11

---

analysis does not take the place of the analysis at step three where the ALJ makes a determination as to whether the Plaintiff's impairments or combination of impairments meets or medically equals a listed impairment.[5] The Commissioner would have the court affirm by engaging in speculation as to what weight the ALJ would have given Dr. Barfield's records. The *post hac* rationale presented by the Defendant for discounting Dr. Barfield's notes is not appropriate for the court's consideration. The court is not to examine the additional evidence *de novo*, but it cannot meaningfully review the Commissioner's decision without speculating and analyzing the new evidence under these circumstances.

Additionally, the ALJ did not discuss the fact that Plaintiff was granted an extension for the records, that the evidence was not timely received despite the extension, and if good cause was or was not shown to still consider the evidence. The ALJ's failure to discuss the fact that she received Dr. Barfield's records confirming Plaintiff had been diagnosed with fibromyalgia and why she was not considering them is not harmless error. The ALJ found that Plaintiff has some acknowledged severe impairments obligating the ALJ to proceed to the next step to consider "whether the claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Pt. 404, Subpart P, App. 1." The ALJ noted that Plaintiff testified she had been diagnosed with fibromyalgia but that there were no supporting treatment notes in the medical evidence to support her testimony or her statements to her primary care physician in December 2010 that she had been diagnosed with fibromyalgia. Thus, fibromyagia and its affects were not considered in the ALJ's discussion of the combination of impairments, in considering Plaintiff's credibility, and in determining her RFC.

---

[5] See Prioleau v. Astrue, 2013 WL 655712 (D.S.C. Feb. 22, 2013).

This court does not express an opinion as to the merits of the Plaintiff's claims, but recommends a remand to the ALJ for further clarification specifically related to the issue of why Dr. Barfield's records were not considered. If the records are considered so that the additional impairment of fibromyalgia is confirmed by Dr. Barfield, the ALJ should discuss if this would affect her conclusion as to Plaintiff's credibility[6], weight given to the treating physicians' opinions, and the RFC.[7]

## **CONCLUSION**

Accordingly, pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631 (c) (3) of the Social Security Act, 42 U.S.C. Sections 405 (g) and 1338 (c) (3), it is,

RECOMMENDED that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be **remanded** to the Commissioner for further administrative action as set out above.

February 7, 2014  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

---

[6] Plaintiff argues in reply that Defendant's argument that most of Plaintiff's complaints were subjective in nature entitling the ALJ to ignore them, illustrates one reason why the ALJ's failure to consider Dr. Barfield's records and findings of fibromyalgia was so damaging as the diagnosis "illuminates the reason for many of her symptoms which other medical providers could not explain." (Doc. # 23 at 2). Thus, Plaintiff argues that the diagnoses of fibromyalgia is objective evidence to support her subjective complaints.

[7] In light of this court's recommendation that this matter be remanded for further consideration, the court need not address any remaining issues, as they may be rendered moot on remand.