IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JULIETTE SANDRA MACK, | ) | |
| | ) | No. 4:12-cv-03168-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* | ) | |
| *Commissioner of Social Security*,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Magistrate Judge Thomas E. Rogers, III's Report and Recommendation ("R&R") that this court reverse Acting Commissioner of Social Security Carolyn Colvin's decision denying plaintiff's application for disability insurance benefits ("DIB") and remand the case for further administrative action. The Commissioner filed objections to the R&R. For the reasons set forth below, the court adopts the R&R in part and rejects the R&R in part, reverses the Commissioner's decision, and remands for further administrative proceedings.

## I. BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A.  Procedural History

Plaintiff Juliette Sandra Mack ("Mack") filed an application for DIB on September 18, 2009, alleging disability beginning on July 5, 2008. The Social Security Agency denied Mack's claim initially and on reconsideration. Mack requested a hearing

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this lawsuit.

1

before an administrative law judge ("ALJ"), and ALJ Regina L. Warren held a hearing on February 4, 2011. The ALJ issued a decision on March 18, 2011, finding Mack not disabled under the Social Security Act. Mack requested Appeals Council review of the ALJ's decision. The Appeals Council declined to review the decision, rendering the ALJ's decision the final action of the Commissioner.

On November 2, 2012, Mack filed this action seeking review of the ALJ's decision. The magistrate judge issued an R&R on February 7, 2014, recommending that this court reverse the ALJ's decision and remand the case for further administrative proceedings. The Commissioner filed objections to the R&R on February 24, 2014. Mack did not reply to the Commissioner's objections. The matter has been fully briefed and is ripe for the court's review.

### B.     Medical History

Because Mack's medical history is not relevant to the disposition of this case, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Mack was born on November 4, 1970, and was thirty-seven years old on the alleged onset date. She has at least a high school education and past relevant work experience as a courier, as well as in sales and senior retail sales.

### D.     ALJ's Decision

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Mack was disabled from July 5, 2008 through March 18, 2011. The ALJ first determined that Mack did not engage in substantial gainful activity during the period at issue. Tr. 20. At the second step, the ALJ found that Mack suffered from the following severe impairments: cervical and lumbar degenerative disc disease with

chronic tingling in right arm; knee pain; and hypertension. Id. At step three, the ALJ determined that Mack's impairments or combination of impairments did not meet or equal one of the listed impairments in the Agency's Listing of Impairments. Tr. 22; see 20 C.F.R. Part 404, Subpt. P, App'x 1. Before reaching the fourth step, the ALJ determined that Mack had the residual functional capacity ("RFC") to perform light work, as defined by 20 C.F.R. § 404.1567(b). Id. Specifically, the ALJ found that Mack could lift and carry up to twenty pounds occasionally and ten pounds frequently; stand, walk, and sit for six hours each in an eight-hour work day; occasionally use her right lower extremity for pedal pushing and pulling; occasionally climb stairs, but never ladders; frequently balance; occasionally stoop, kneel, crouch, crawl, and use her right upper extremity for overhead reaching; and never be exposed to hazardous heights and machinery. Id. The ALJ found, at step four, that Mack was able to perform her past relevant work, and therefore concluded that she was not disabled during the period at issue. Tr. 27-28.

## II.   STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted).

## III.   DISCUSSION

The Commissioner objects to the magistrate judge's application of the Social Security Administration's Hearings, Appeals, and Litigation Law Manual ("HALLEX") to evidence submitted by Mack following her hearing. Def.'s Objections 1.

This issue concerns Mack's alleged fibromyalgia. At the hearing, the ALJ noted that "there's not a whole lot on the fibromyalgia part," and asked Mack's counsel if there was any outstanding evidence that related to fibromyalgia. Tr. 73. Mack's counsel informed the ALJ that Mack had received a diagnosis of fibromyalgia from a rheumatologist, Dr. Carlysle Barfield, and requested additional time to submit outstanding records from Dr. Barfield. Tr. 53, 81-82. The ALJ responded as follows:

> I'm going to leave the record open for 10 days to allow you to submit those additional records for my consideration before I make my decision in this case. Upon submission of those records I would like for you to also submit with it a corresponding written brief addressing exactly what it is

>    that supports your theory in those records and what you want me to look at
>    as supporting evidence.

Tr. 82. Mack's counsel acknowledged this instruction. Id.

Nineteen days later, on February 23, 2011, Mack submitted records from Dr. Barsfield. Tr. 468-78. The submission did not include a written brief nor did it explain the late submission. As noted by the Commissioner, the cover sheet and fax stamp on the records appear to indicate that Dr. Barfield's office forwarded the records to Mack's counsel on January 19, 2011 – more than two weeks <u>before</u> the hearing. Tr. 469-78.

When considering Mack's fibromyalgia at step two of her decision, the ALJ stated:

> The claimant's alleged impairment of fibromyalgia was not medically determinable. The Social Security Act and its associated regulations require an individual to establish disability based on the existence of a medically determinable impairment that can be shown by medical evidence consisting of medical signs, symptoms, and laboratory findings. Disability may not be established on the basis of an individual's statement of symptoms alone. While the claimant testified that she had been diagnosed with fibromyalgia, the record fails to support this allegation. Specifically, although the claimant reported to her primary care physician, in December 2010, that she had been diagnosed by a rheumatologist, there were no supporting treatment notes in the medical evidence of record.

Tr. 20-21. Mack argues that the ALJ erred in failing to consider Dr. Barfield's opinion. The Commissioner asserts that the ALJ properly disregarded the treatment records since they were submitted after the deadline she imposed at the hearing.

HALLEX "defines procedures for carrying out policy and provides guidance for processing and adjudicating claims at the Hearing, Appeals Council, and Civil Action levels." HALLEX § I-1-0-1. HALLEX § I-2-7-20(A) provides:

> When a claimant or representative requests time to submit evidence or written arguments after the hearing, the ALJ must set a time limit for the posthearing actions to be completed and inform them that if the material is

> not received within the time limit, absent a showing of good cause to extend the time, the ALJ will issue a decision without the material. The HO staff should diary the case for the time set by the ALJ.
>
> 1. If the material or a showing of good cause is not received by that time, the ALJ will issue a decision without the material. Further contact with the claimant or representative is not necessary.
>
> 2. If the material is not received by that time, but good cause is shown, set another time limit by which the evidence or arguments must be received and inform the claimant and the representative of the revised time. Also, remind the claimant and the representative that if the material is not received by that time, a decision will be issued without it.
>
> . . .
>
> 3. If the material is still not received and the claimant has not shown good cause for not submitting the material, the ALJ will issue a decision without the material. Further contact with the claimant or representative is not necessary. The ALJ will not grant any additional extensions unless there is good cause.
>
> **NOTE:** In each of the above instances, the ALJ should address in his/her decision the fact that an extension was granted, good cause was or was not found, and that the evidence despite such extensions was not received. This will document for the courts the efforts undertaken by the ALJ to fairly and fully develop the record.

At the outset, the court notes that there is a circuit split as to whether HALLEX carries the force of law and is binding on the Commissioner. Compare Newton v. Apfel, 209 F.3d 448 (5th Cir. 2000) (holding that while HALLEX does not have the force of law, if the agency's failure to follow it causes prejudice, it is reversible error) with Bordes v. Comm'r, 235 F. App'x 853, 859 (3d Cir. 2007) (holding that because HALLEX provides internal guidance and not substantive rules, it lacks the force of law and creates no judicially-enforceable rights); Moore v. Apfel, 216 F.3d 864, 868-69 (9th Cir. 2000) (holding that as an internal guidance tool, HALLEX does not carry the force of law). The Fourth Circuit has not ruled on the issue. See Calhoun v. Astrue, 2010 WL 297823 (W.D. Va. Jan. 15, 2010) (collecting cases and noting Fourth Circuit has not ruled on the issue).

In Newton, the Fifth Circuit determined that while HALLEX does not have the force of law, if the agency's failure to follow it causes prejudice, there is reversible error. 209 F.3d at 459. The court stated that "where the rights of individuals are affected, an agency must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required. If prejudice results from a violation, the result cannot stand." Id. Another court in this district has adopted the approach set out by the Fifth Circuit in Newton. See Way v. Astrue, No. 1:10-cv-1134-RBH, 789 F. Supp. 2d 652, 665 (D.S.C. 2011). Because this is an open issue in the Fourth Circuit and out of an abundance of caution, the court will follow the Way court and assume that Newton applies, so that remand is appropriate if an ALJ's violation of HALLEX prejudices a claimant.

The magistrate judge recommends "remand[ing] to the ALJ for further clarification specifically related to the issue of why Dr. Barfield's records were not considered." R&R 13. Specifically, the magistrate judge determined that the ALJ violated HALLEX § I-2-7-20(A) in two ways.

First, the magistrate judge found that the ALJ failed to "inform [Mack] that if the material is not received within the time limit, absent a showing of good cause to extend the time, the ALJ will issue a decision without the material." R&R 11 (citing HALLEX § I-2-7-20(A)). The court notes that the ALJ specifically advised Mack's counsel at the hearing that she would leave the record open for ten days "to allow you to submit those additional records for my consideration before I make my decision in this case." Tr. 82 (emphasis added). The court agrees with the Commissioner that the admonition that failure to submit the records within ten days would result in a decision without them was

at the very least implicit in the ALJ's instruction, and the ALJ's failure to parrot the exact language of HALLEX did not prejudice Mack.

Next, the magistrate judge determined that the ALJ failed to discuss in her decision that she had received Dr. Barfield's records and why she was not considering them, as required by HALLEX § I-2-7-20(A).  R&R 12.  The court first notes that the guideline at issue provides that an ALJ "should address in his/her decision the fact that an extension was granted, good cause was or was not found, and that the evidence despite such extensions was not received."  HALLEX §I-2-7-20(A) (emphasis added).  Therefore, the guideline makes such a discussion aspirational rather than mandatory.  Regardless, the stated purpose behind the guideline is to "document for the courts the efforts undertaken by the ALJ to fairly and fully develop the record."  HALLEX § I-2-7-20(A).  Based on the record, it is clear to the court why Dr. Barfield's records were not considered by the ALJ – they were submitted past the ALJ-imposed deadline.  Moreover, the court notes that Mack has still not advanced any argument that her delay in submitting the records was excused by "good cause," nor has she disputed the Commissioner's assertion that her counsel was in possession of the records on January 19, 2011, more than two weeks before the hearing.

Based on the above, a remand to the ALJ would amount to little more than an empty exercise, and therefore the ALJ's alleged failure to follow HALLEX § I-2-7-20(A) is harmless error.  See Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994) (applying harmless error analysis in Social Security case); see also Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 656 (1st Cir. 2000) (holding that a remand is not necessary if it would "amount to no more than an empty exercise"); Fisher v. Bowen, 869 F.2d 1055, 1057

(7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."); Austin v. Astrue, 2007 WL 3070601, *6 (W.D. Va. Oct. 18, 2007) (holding that "[e]rrors are harmless in Social Security cases when it is inconceivable that a different administrative conclusion would have been reached absent the error").  Because any error by the ALJ was harmless, Mack was not prejudiced and remand based on HALLEX is not appropriate.  The court therefore rejects the magistrate judge's R&R as it relates to the ALJ's alleged errors concerning HALLEX.

The magistrate judge's R&R also contains a lengthy discussion of the treating physician rule and the ALJ's application of the rule.  R&R 13-20.  The magistrate judge recommends remanding the case "for proper consideration of the treating physicians' opinions. . . ."  R&R 19.  The Commissioner does not address this issue in her objections. Because a party's failure to object is accepted as agreement with the conclusions of the magistrate judge, see Thomas, 474 U.S. at 149-50, the court adopts the magistrate's R&R as it relates to the treating physician rule and remands the case for further administrative proceedings.[2]  On remand the ALJ should also consider Mack's allegation of error concerning credibility.

## IV.  CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's R&R in part and **REJECTS** the R&R in part, **REVERSES** the Commissioner's decision, and **REMANDS** under sentence four of 42 U.S.C. §405(g) for further proceedings.

---

[2] Because the court rejected the magistrate judge's recommendation regarding Dr. Barfield's records, the ALJ need not consider those records in its analysis of the treating physician rule.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 20, 2014**
**Charleston, South Carolina**