**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| JULIETTE SANDRA MACK, | ) | |
| | ) | No. 4:12-cv-03168-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting Commissioner of Social Security*,[1] | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on a motion to amend the court's March 20, 2014 judgment, which remanded this case to the Social Security Administration ("the Agency") for further review. The Acting Commissioner of Social Security ("the Commissioner") contends that the court's judgment should be amended pursuant to Rule 59(e) of the Federal Rules of Civil Procedure because the court made a clear error of law. Claimant Juliette Sandra Mack ("Mack") has filed a response in opposition to the government's motion. For the reasons set forth below, the court grants the government's motion.

## I.  DISCUSSION

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment. Though the rule does not provide a standard under which a district court may grant such motions, the Fourth Circuit has recognized "three grounds for amending an earlier judgment:  (1) to accommodate an intervening change in controlling law; (2) to

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this lawsuit.

account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citing EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)).  Rule 59(e) provides an "extraordinary remedy that should be used sparingly."  Pac. Ins. Co., 148 F.3d at 403 (internal citation omitted); Wright v. Conley, No. 10-cv-2444, 2013 WL 314749, at *1 (D.S.C. Jan. 28, 2013).  Rule 59(e) motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  Pac. Ins. Co., 148 F.3d at 403 (citation and internal quotations omitted).  Nor are Rule 59(e) motions opportunities to rehash issues already ruled upon because a litigant is displeased with the result.  Tran v. Tran, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001); see also United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) ("Mere disagreement does not support a Rule 59(e) motion.").

In this case, Mack filed an application for disability insurance benefits on September 18, 2009, alleging disability beginning on July 5, 2008.  The Social Security Agency denied Mack's claim initially and on reconsideration.  Mack requested a hearing before an administrative law judge ("ALJ"), and ALJ Regina L. Warren held a hearing on February 4, 2011.  At the ALJ hearing, Mack's counsel informed the ALJ that Mack had received a diagnosis of fibromyalgia from a rheumatologist, Dr. Carlysle Barfield, and requested additional time to submit outstanding records from Dr. Barfield.  Tr. 53, 81–82.  The ALJ then informed counsel that he had ten days to submit the additional records.  Tr. 81–82.  Mack submitted the records from Dr. Barfield nineteen days after the ALJ

hearing, without a written brief as requested by the ALJ. Tr. 81–82, 468–78. The ALJ issued a decision on March 18, 2011, finding Mack not disabled under the Social Security Act. The ALJ did not mention these records in her decision. Tr. 21. Mack then requested Appeals Council review of the ALJ's decision. The Appeals Council declined to review the decision, rendering the ALJ's decision the final action of the Commissioner.

On November 2, 2012, Mack filed this action seeking review of the ALJ's decision in part on the basis that "substantial evidence does not support the ALJ's step two finding regarding [Mack's] fibromyalgia." Pl.'s Br. 1. The magistrate judge issued an R&R on February 7, 2014, recommending that this court reverse the ALJ's decision and remand the case for further administrative proceedings. R&R 13. In the R&R, the magistrate judge only addressed Mack's arguments as to the ALJ's findings regarding Mack's fibromyalgia, finding remand appropriate on this basis. See R&R 6–13.

On March 20, 2014, after reviewing the Commissioner's objection to the R&R and Mack's reply thereto, the court adopted the R&R in part, reversed the Commissioner's decision, and remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Order 9. Specifically, the court found any error committed by the ALJ relating to her discussion of Mack's fibromyalgia was harmless, and rejected the R&R on this basis. Id. However, the court went on to "adopt[] the magistrate's R&R as it relates to the treating physician rule." Id. In so adopting, the court erroneously cited a portion of the R&R that does not exist. Specifically, the court states, "the magistrate judge recommends remanding the case 'for proper consideration of the treating physicians' opinions . . . .'" and cites page number nineteen of the R&R. Id.

3

However, the R&R is only thirteen pages, and the quoted sentence can be found nowhere in the opinion.

In light of this scrivener's error, the court amends the order to adopt the R&R in its entirety and affirm the Commissioner's decision. Pac. Ins. Co., 148 F.3d at 403.

## II.   CONCLUSION

Based on the foregoing, the court **GRANTS** Mack's motion for reconsideration. Accordingly, the court **ADOPTS** the magistrate judge's R&R and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 6, 2015**
**Charleston, South Carolina**

4