IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JULIETTE SANDRA MACK, | ) | |
| | ) | No. 4:12-cv-03168-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting Commissioner of Social Security*,[1] | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On April 6, 2015, this court entered an order granting the Acting Commissioner of Social Security's ("the Commissioner") motion to amend the court's March 20, 2014 judgment which remanded the case to the Social Security Administration for further review. In the motion to amend, the Commissioner contended that the court's judgment should be amended pursuant to Rule 59(e) of the Federal Rules of Civil Procedure because the court made a clear error of law. The court granted the Commissioner's motion in light of a scrivener's error, and amended its order. However, in amending its prior order, the court made a clerical error, stating that it adopted the R&R in its entirety and affirmed the Commissioner's decision. However, as more fully explained in the court's March 20, 2014 order, the court actually intended to reject the R&R in its entirety and affirmed the Commissioner's decision.

Federal Rule of Civil Procedure 60(a) provides, in relevant part, that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this lawsuit.

1

one is found in a judgment, order, or other part of the record." The court may do so on motion <u>or on its own</u>, with or without notice. <u>Id.</u> (emphasis added). This rule is "properly utilized to perform a completely ministerial task (such as making a judgment more specific in the face of an original omission), but not to revisit the merits of the question or reconsider the matter." <u>Caterpillar Fin. Servs. Corp. v. F/V Site Clearance I</u>, 275 F. App'x 199, 204–05 (4th Cir. 2008) (quoting <u>Kosnoski v. Howley</u>, 33 F.3d 376, 379 (4th Cir. 1994) (internal quotation marks omitted)). The court may "invoke Rule 60(a) to resolve an ambiguity in its original order to more clearly reflect contemporaneous intent and ensure that the court's purpose is fully implemented." <u>Burton v. Johnson</u>, 975 F.2d 690, 694 (10th Cir. 1992). In other words, "a motion under Rule 60(a) only can be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced." 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2854 at 303 (3d ed.2012).

     As fully set forth in the court's March 20, 2014 order and the April 6, 2015 order, it was the court's intention to reject, not adopt, the R&R in its entirety and affirm the Commissioner's decision. Therefore, in an attempt to clarify the apparent ambiguity between the March 20, 2014 order and the April 6, 2015 order, the court will amend its order. Accordingly, pursuant to Rule 60(a), the court **AMENDS** its April 6, 2015 order to **REJECT** the R&R in its entirety and **AFFIRM** the Commissioner's decision.

       **AND IT IS SO ORDERED**.

                                          **DAVID C. NORTON**
                                          **UNITED STATES DISTRICT JUDGE**

**February 3, 2016**
**Charleston, South Carolina**

3